MARY HETZEL

*v.*

JOHN HETZEL et al.

[Decided September 24th, 1908.]

A testator devised to three children certain real estate upon which there were mortgages at the time of its acquisition by him, which mortgages were assumed and agreed to be paid by him and the amount of which was allowed to him as so much purchase-money. He afterwards made one mortgage upon the premises to secure a debt created by himself. By his will he devised the residue of his real estate to the children mentioned and bequeathed to his widow, in lieu of dower, a sum of money equal to one-third of the value of such real estate, to be paid to her by the children and to be a lien upon the real estate until paid.— *Held,* that the value of the lands, to one-third of which the widow is entitled, is the same value as those lands have in the hands of the devisees, that is, that they are entitled to have the mortgage made by the testator paid out of his personal estate in exoneration of the lands, but must accept the lands subject to the mortgages which were upon them at the time of their acquisition by the testator, and which mortgages he assumed. Consequently, the widow is entitled to one-third of the value of the lands, deducting the amount of the mortgage encumbrance created by the testator, but subject to the amount of the encumbrances assumed by him.

On bill, answer, replication and proofs.

*Mr. Joseph E. Hunt, Mr. Aaron V. Dawes* and *Mr. John Rell-stab,* for the complainant.

*Mr. Linton Satterthwait,* for the defendants.

WALKER, V. C.

The construction of the last will of Jacob Hetzel, late of the city of Trenton, is involved in this cause. He died in the month of September, 1907, and his will was proved before the surrogate of the county of Mercer on the twentieth day of that month. It was made August 9th, 1900, and consisted of eight items. After-

wards and on various dates he made four codicils. The will and the codicils were all proved together. Such provisions of the will and codicils as are necessary for the determination of the question involved are as follows: The testator provided—*first,* that all of his just debts and funeral expenses be paid; *second,* he bequeathed to his wife, Mary Hetzel, certain articles of furniture, and $500 in cash; *fourth,* he devised and bequeathed to his son Charles certain personal property and a lot of land; *fifth,* he devised to his sons Charles and John, and his daughter Mary, all the rest and residue of his real estate, subject to his wife's right of dower; *sixth,* he ordered and directed his executor to sell all the rest and residue of his personal property and from the proceeds thereof to pay his debts, funeral expenses and the cost of a monument; *seventh,* the bequests to his wife to be in lieu of dower in the lot devised to Charles and in lieu of any interest she might claim in his personal property.

By a codicil of April 26th, 1904, he recited the devise of the rest and residue of his real estate to his sons and daughter, subject to his wife's right of dower, and then provided

"now I do give to my wife, Mary Hetzel, a sum of money equal to one-third of the value of the said real estate, to be paid to her by my said children and to be a lien upon said real estate until paid, the said sum of money to be in lieu of her dower therein mentioned."

Mr. Hetzel died seized of seven different tracts of land which he acquired in five different conveyances. All of the tracts are encumbered by mortgages assumed by the testator as part of the consideration given for them, save in one instance, in which a mortgage of $1,000 was made by him. The value of his real estate is $17,200. The encumbrances thereon amount to $7,200, including the mortgage made by himself. The personal estate is sufficient to satisfy the testator's debts, including the mortgages upon his real estate.

The real estate being worth $17,200 gross, its net value after deducting the mortgage made by the testator is $16,200. After deducting the mortgage encumbrances assumed by the testator upon the acquisition of the property, and omitting the $1,000

mortgage made by himself, the net value is $11,200. After deducting all the mortgage encumbrances it is $10,000.

The question is shall the widow, in lieu of her dower, have one-third of $17,200, or of $16,200, or $11,200, or of $10,000?

On behalf of the complainant it is contended that the testator meant that his widow should have one-third of the value of his real estate without any deduction of the mortgage encumbrances, while the defendants insist that he meant to give her one-third of the value of his lands, first deducting the mortgage encumbrances thereon, except, possibly, the amount of the mortgage made by himself, which was for a debt created by him.

My opinion is that the testator meant that his widow should have one-third of the value of the residue of the real estate he devised to his sons Charles and John, and his daughter Mary, just as that value passed to them by virtue of the devise, for, in the codicil of April 26th, 1904, the testator, after reciting the devise of the residue of his real estate to his sons and daughter just mentioned, subject to his wife's right of dower, in the fifth item of his will, proceeds to give her "a sum of money equal to one-third of the value of said estate;" that is, the residuary estate, "to be paid to her by my said children and to be a lien upon said real estate until paid."

In the presence of such expressions it would be hard to find, it seems to me, that the testator meant that the devisees, his children, should give his widow one-third of the gross value of the lands devised to them if those lands in their hands were subject to encumbrances amounting to more than one-third of their value. So, the solution of this question depends, in my opinion, upon the status of these devisees with reference to the lands devised, and the question is, are the lands subject to the encumbrances in the hands of the devisees, or, are the devisees entitled to have the lands exonerated by the personal estate. The fact that the widow is not the mother of decedent's children is, I take it, quite unimportant.

That the testator meant that the value of the lands to his wife (for the purpose of his bequest to her in lieu of dower) should be the same as their value to his children is plain, it seems to me, by reason of the juxtaposition of the two gifts, the bequest

to the wife being a condition annexed to the devise to the children. By the language he used the testator could not, I think, have intended one value for his wife and another for his children.

It is true that the testator charged the payment of his debts upon his real estate; his personal property being the primary fund for their payment. Such was the effect of the first item in his will. *Suydam* v. *Voorhees, 58 N. J. Eq. (13 Dick.) 157, 165; Roll* v. *Roll, 68 N. J. Eq. (2 Robb.) 227, 229.* By the sixth item of his will he directed a sale of all of his personal property, not specifically bequeathed, to pay his debts, funeral expenses and the cost of a monument. By these provisions for the payment of his debts, the testator did not, in my judgment, intend to include obligations upon which he was liable only by way of indemnity in the case of mortgages which he had assumed but did not create, and which neither he nor his estate might ever be called upon to discharge. If, in his lifetime, he had divested himself of title subject to the mortgages his grantees might eventually have paid the mortgage debts. So, too, his devisees after him may convey the mortgaged premises in the same way.

The testator, in my opinion, wrote into his will the directions concerning the payment of his debts in view of the law upon the subject, which law he is presumed to have known, and which will now be noticed.

In *Mount* v. *Van Ness, 33 N. J. Eq. (6 Stew.) 262,* in the prerogative court, it was held, that the assumption of the payment of a mortgage upon lands purchased, and the allowance of its amount as so much of the purchase-money, was not such personal assumption of the mortgage as entitled the heir to whom the premises descended to exoneration out of the personal estate for the amount of the mortgage. This case was decided upon the authority of *McLenahan* v. *McLenahan, 18 N. J. Eq. (3 C. E. Gr.) 101,* and *Campbell* v. *Campbell, 30 N. J. Eq. (3 Stew.) 415.* In the former case (McLenahan) it was held in this court, that if lands descend or are devised, subject to a mortgage not made by the decedent, the heir or devisee takes *cum onere,*

unless the decedent shall have assumed the debt in such manner as to show an intention to charge his personal estate; that making himself or his representative liable to be called on by the mortgagee is not sufficient, of itself, to charge the personal estate in relief of the lands. The latter case (Campbell) was one on a bill for dower in lands of an intestate which were subject to a mortgage put thereon by the intestate, and also lands which were purchased by him subject to a mortgage, the amount of which was allowed to him as so much of the purchase-money, and the payment thereof assumed by him; and it was held, that as to the first, the personal estate must exonerate the land, and dower be assigned therefrom as if unencumbered; and that as to the second, a mere assumption of a mortgage by the decedent was not such proof of an intention to make the debt his own as rendered his personal estate primarily liable therefor, and dower must be assigned therefrom subject to the mortgage.

The assumption of a mortgage does not make the debt a personal one of the grantee covenantor. *DeGrauw* v. *Mechan, 48 N. J. Eq. (3 Dick.) 219, 223.*

In the case of *Crowell* v. *Hospital of St. Barnabas, 27 N. J. Eq. (12 C. E. Gr.) 650,* the court of errors and appeals held that the assumption of a mortgage in a deed of conveyance is a contract with the grantor simply for his indemnity, and will not be regarded, either at law or in equity, as a contract with the mortgagee for his benefit. In this case Mr. Justice Depue, speaking for the court of errors and appeals, says (at *p. 655*) : That "the right of a mortgagee to enforce payment of the mortgage debt as against the grantee of the mortgagor does not rest upon any contract of the grantee with him, or with the mortgagor for his benefit."

Clearly, then, the mortgages upon the property of which the testator died seized, and which were not given by him as security for debts of his own creation, but which were upon the premises at the time he acquired them, and the payment of which he assumed, were merely contracts of indemnity by him with the mortgagors, his grantors. They were not his debts in a technical sense; he did not create them, and did not give the bonds or obligations for their payment at the time of their inception.

Under the law, therefore, as it is settled in this state, neither the heir-at-law nor the doweress could call upon the personal representatives of a decedent to discharge such obligations out of the personal estate in exoneration of the land. The situation is no different where the parties are devisee and doweress, unless by the terms of his will a testator clearly evinces an intention that the personal property shall exonerate the land.

Chancellor Runyon in *Campbell* v. *Campbell, ubi supra* (at *p. 416*), speaking of land purchased by an intestate subject to a mortgage, said: "His personal estate is not bound to exoneration. In such case, to make his personal estate primarily liable, there must be clear evidence of an intention to make the mortgage debt his own." The same chancellor, as ordinary, in *Mount* v. *Van Ness, ubi supra* (at *p. 263*), said: "If land descends, or is devised, subject to a mortgage debt not created by the decedent, the heir or devisee takes the property *cum onere,* and is not entitled to have the debt paid out of the personal estate unless the decedent has already assumed the debt, intended to make it a charge on his personal estate, or shall have so expressly directed by the will." This is a directly controlling authority on the subject under consideration. Mark the language of Chancellor Runyon: "The devisee is not entitled to have the mortgage paid out of the personal estate unless the testator 'shall have so expressly directed by will.'"

Now, no express direction to pay the mortgages assumed by the testator upon the acquisition of his lands can be found in his will. Not only that, but, so far as I can see, no language is contained in the will which can be construed into an implied direction for such payment.

The result is that the widow is entitled to a payment of one-third of the value of the testator's real estate, first deducting the amount of the mortgages assumed by him, but not including in the deduction the amount of the mortgage made by him and for which his personal estate is liable and must exonerate the mortgaged premises for the benefit of the devisees, and also of the widow, the legatee. The sum, to one-third of which she is entitled, is approximately $11,200. I will advise a decree in accordance with the views above expressed.